UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| GROVER CLIFTON GABBARD, | ) | |
| | ) | |
| Petitioner, | ) | No. 0:22-CV-61-REW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID GREEN, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Grover Gabbard is a prisoner confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Gabbard filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Kentucky (the "Western District"). *See* DE 1 (Petition). The Western District subsequently transferred the petition to this Court on venue grounds. *See* DE 3 (Order).

The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Gabbard's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" requiring "active (first quoting *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970); and then quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976))).

1

Gabbard indicates that his petition pertains to a conviction entered by the Western District in October 2001. At that time, the Western District imposed a 48-month sentence to be followed by three years of supervised release. *See* DE 1 at 1. Gabbard succinctly states his claim as follows:

> I served 41 months of a 48 month sentence. I was released on good behavior from federal custody in 2005 to Kentucky authorities. I am currently serving a life sentence in the State of Kentucky. I have been incarcerated since 2002. The supervision time is past the expiration date.
>
> I'm not appealing or challenging the conviction or sentence. My only argument is that the sentence has already been fully served (completed) and the supervision time has long passed.

DE 1 at 3-4, 7 (cleaned up). For relief, Gabbard asks the Court "to release the petitioner from the three year release supervision which was actually (17) seven-teen years ago...." *Id*. at 8.

Gabbard provides no further explanation or context for the relief he requests. The Court's review of available records indicates that in November 2000, Gabbard was indicted in the Owensboro Division of the Western District for being a felon in possession of a firearm. Gabbard reached a plea agreement with the government in that case, and in December 2001 the trial court imposed a 48-month sentence to be followed by a three-year term of supervised release. *United States v. Gabbard*, No. 4:00-CR-23-JHM-2 (W.D. Ky. 2000); s*ee also* DE 1 (Indictment); DE 40 (Judgment). Gabbard was placed in federal custody at the prison in Memphis, Tennessee on January 4, 2002. *See* DE 48 (Judgment and Commitment Order). The United States Court of Appeals for the Sixth Circuit affirmed on direct appeal, over Gabbard's objection that his prior Kentucky conviction for reckless homicide should not have been used to enhance his sentence. *United States v. Gabbard*, 49 F. App'x 603, 604 (6th Cir. 2002).

Two years beforehand in February 2000, the body of Gabbard's estranged wife was found inside her car, submerged in the Green River, with two gunshot wounds in the back. The ensuing investigation made no progress until early 2002, when two friends of Gabbard implicated him in

2

the murder. *Gabbard v. Com.*, No. 2002-SC-1091-MR, 2005 WL 1185255, at *1 (Ky. May 19, 2005). In May 2002 Gabbard was charged with the murder in McClean County, Kentucky. He was found guilty following trial, and in December 2002 he was sentenced by the Commonwealth to life imprisonment. *Commonwealth v. Gabbard*, No. 02-CR-00013 (McClean Cir. Ct. 2002).[1] State authorities filed a detainer on May 26, 2005, *see id.*, and upon completion of his federal sentence, Gabbard was transferred into state custody to commence his life sentence on June 23, 2005.[2]

Gabbard is eligible for parole from his life sentence on December 3, 2024. *Id*. As that date approached, in April 2020, Gabbard filed a motion in the Western District seeking much the same relief he pursues here, "asking if you will please consider the (3) three years of supervised release as served in full since it has been over (15) years." *Gabbard*, No. 4:00-CR-23-JHM-2, DE 53 (letter). The Western District denied relief, noting that "a term of supervised release may be modified only after one year of supervised release has been served." *See* DE 55 (Order) (citing 18 U.S.C. § 3583(e)(1)).

With respect to his current petition, the Court will assume for purposes of discussion that Gabbard's request for relief may be considered in a § 2241 proceeding. That said, the Court must

---

[1]   *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=075&court=1&division=CI&caseNumber=02-CR-00013&caseTypeCode=CR&client_id=0 (accessed on November 2, 2022). The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). Such records and information on government websites are self-authenticating. *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.").

[2]   *See* http://kool.corrections.ky.gov/KOOL/Details/60932 (accessed on November 2, 2022).

3

deny relief because Gabbard's term of federal supervised release has not commenced, let alone concluded. The pertinent statute provides that:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer ... The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. *A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.*

18 U.S.C. § 3624(e) (emphasis added). Under the statute, Gabbard's federal supervised release did not commence in 2005 because he was transferred directly from federal custody to state prison to serve a life sentence. *See United States v. King*, 33 F. App'x 708, 709 (6th Cir. 2002) ("A term of supervised release generally does not run concurrently to a term of imprisonment, but runs only after imprisonment concludes . . . King's imprisonment has never concluded as he was immediately transferred into state custody upon completing his federal prison sentence. His term of supervised release is not running concurrently with his state sentence, but will begin only upon his release into society because his imprisonment for parole revocation constitutes an imprisonment 'in connection with' a conviction for a state crime."); *see also United States v. Mont*, 723 F. App'x 325, 329-30 (6th Cir. 2018).

For the stated reasons, which are clear from the record and law, the Court **ORDERS** as follows:

1. The Court **DENIES** Gabbard's DE 1 petition for a writ of habeas corpus.

2. This action is **STRICKEN** from the Court's docket.

This the 2nd day of November, 2022.

Signed By:
*Robert E. Wier*
**United States District Judge**